UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

JOHN ANTHONY TATE    Case No.: 6:13-bk-06786-CCJ
                    Chapter 7

    Debtor.
_____/

**DEBTOR'S VERIFIED MOTION TO
DETERMINE SECURED STATUS OF A JUNIOR
LIEN HELD BY PNC BANK, NATIONAL ASSOCIATION
AND TO STRIP LIEN EFFECTIVE UPON ENTRY OF DISCHARGE**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 30 days from the date this paper is entered on the docket. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 400 West Washington Street, Suite 5100, Orlando, Florida 32801, and serve copies on the attorney for the Debtor: Kenneth D. Herron, Jr., 1851 West Colonial Dr., Orlando, Florida 32804.**

**If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

    John Anthony Tate (the "Debtor"), moves the Court for entry of an Order pursuant to 11 U. S. C. §506 and F. R. B. P. 3012, determining the secured status of a claim and mortgage lien held by PNC Bank, National Association ("PNC") and stripping the mortgage lien held by PNC. In support of this motion, the Debtor states as follows:

    1.    On May 31, 2013, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

2. The Debtor owns and listed on Schedule A in this case (Doc. No. 1, at page 9) the following described real property located in Orange County, Florida (the "Property").

> Lot 57, WINDSOR LANDING PHASE 1, according to the Plat thereof, as recorded in Plat Book 46, Pages 26 through 28, inclusive, of the Public Records of Orange County, Florida.
>
> Parcel ID No.: 32-22-23-2621-00-570
> Street Address: 202 Calliope Street, Ocoee, Florida 34761

3. The Property is the Debtor's homestead pursuant to Article X, section 4 of the Florida Constitution.

4. The Debtor contends the Property has a fair market value of $283,627.00.

5. The Property is encumbered by the following mortgages:

   a. Green Tree Servicing, LLC holds that certain mortgage, which was recorded in the public records of Orange County, Florida in Official Records Book 09432, Pages 1877 -1896 (the "First Mortgage"). The amount due on the First Mortgage is approximately $414,226.00; and

   b. PNC holds that certain mortgage, which was recorded in the public records of Orange County, Florida in Official Records Book 09432, Pages 1897 - 1901 and Home Equity Loan Modification Agreement recorded on October 9, 2012 in Book 10455, Pages 0576 – 0584 (the "Second Mortgage"). The amount due on the Second Mortgage is approximately $129,230.00.

Memorandum of Law

Pursuant to 11 U. S. C. §506(a)(1) and F. R. B. P. 3012, upon notice and hearing, the Court may value a secured creditor's collateral to ascertain what portion of the claim

is secured and what portion is unsecured. See all *In re: Sadala*, 294 B.R. 180, 182 (Bankr. M. D. Fla. 2003). Pursuant to the Eleventh Circuit's decision in *In re: McNeal*, 2012 WL 1649853 (11th Cir. 2012), if the amount owed to senior mortgage holder exceeds the value of the Debtor's homestead, then a junior mortgage lien that is wholly unsecured may be avoided and extinguished pursuant to 11 U. S. C. §506(d).

<u>Declaration of Debtor in Support of this Motion</u>

I declare under penalty of perjury that the factual allegations set forth in paragraphs 1 through 5 above are true and correct to the best of my knowledge, information and belief.

Dated: June **5**, 2013

/s/ John Anthony Tate
John Anthony Tate

<u>Relief Requested</u>

For the reasons stated above, the Debtor requests an Order (1) granting this motion; (2) determining the fair market value of the Property to be 283,627.00, (3) avoiding and extinguishing the Second Mortgage held by PNC, and (4) determining that PNC holds an allowed unsecured claim in this case of $129,230.00.

<u>/s/ Kenneth D. Herron, Jr.</u>
Kenneth D. (Chip) Herron, Jr.
Florida Bar No. 699403
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Dr.
Orlando, FL 32804
Telephone: (407) 648-0058
Fax: (407) 648-0681
Email: kherron@whmh.com

Attorneys for John Anthony Tate

CERTIFICATE OF SERVICE

    I hereby certify that on June 6, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document by certified mail to:

> PNC Bank, N.A.
> Attn: William Demchak, President
> Corporate Office & Headquarters
> 249 5th Ave., Suite 30
> Pittsburgh, PA 15222

    /s/ Kenneth D. Herron, Jr.
    Kenneth D. Herron, Jr.